**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| W. CAPRA CONSULTING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-04188 |
| | ) | |
| QUINTON SNYDER, | ) | Hon. Judge Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

The Defendant QUINTON SNYDER (hereinafter referred to as "SNYDER") moves this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss this case on the ground that this Court does not have personal jurisdiction over SNYDER. In support of this motion, SNYDER attaches his affidavit and states:

1.      On June 21, 2019, the Plaintiff W. CAPRA CONSULTING GROUP, INC. (hereinafter referred to as "W. CAPRA") filed its complaint for breach of an employment contract by SNYDER. A true and correct copy of W. CAPRA's complaint is attached hereto as Exhibit A.

2.      In that pleading, W. CAPRA admits that SNYDER is a citizen of Florida.

3.      W. CAPRA contends (Par. 4), however, that this Court has jurisdiction over SNYDER because he (i) initiated the contract at issue with W. CAPRA in this district; (ii) has traveled multiple times to this district in connection with his employment; (iii) submitted his weekly timesheets and expense reports to W. CAPRA in this district (iv) was provided payment, benefits and HR support from this district; and (v) received

ongoing supervision and instructions included telephone calls, instant messages and emails from W. CAPRA employees in this district.

4.      Rule 12(b)(2) of the Federal Rules of Civil Procedure calls for the dismissal where the court lacks personal jurisdiction over a party *Fed.R.Civ.P.12(b)(2)*.

5.      Although a plaintiff may not anticipate a personal jurisdiction challenge in its complaint, once the defendant moves to dismiss the complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction *Playboy Enterprises International, Inc. v. Smartitan PTE Limited*, 804 F.Supp.2d. 730, 733 (N.D.Ill. 2011).

6.      In a case based on diversity of citizenship, a federal court sitting in Illinois may exercise personal jurisdiction over a non-resident defendant only to the extent that an Illinois court could do so *Klump v. Duffus*, 71 F.3d. 1368, 1371 (7th Cir. 1995).

7.      To survive a motion to dismiss, a plaintiff must make a prima facia showing that exercising jurisdiction over a non-resident party complies with the Illinois "long-arm" statute, the Illinois Constitution and federal constitutional due process requirements *RAR Inc. v. Turner Diesel Limited*, 107 F.3d. 1272, 1276 (7th Cir, 1997).

8.      In determining whether this Court has personal jurisdiction over SNYDER, it may receive and consider affidavits and other materials submitted by the parties *Lakeview Technology Inc. v. Vision Solutions, Inc.*, 2017 WL 79246 (05 C 7209) at 3 (N.D.Ill. January 9, 2007).

9.     For purposes of a motion to dismiss based on personal jurisdiction, this Court accepts all the allegations of the complaint as true except those controverted by the defendant's affidavits *Id*.

10.    Where the Defendant submits an affidavit to contest any personal jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the existence of jurisdiction *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d. 773, 783 (7th Cir. 2003).

11.    A federal court can acquire personal jurisdiction over a non-resident defendant by asserting either general or a specific jurisdiction.  First, general jurisdiction is proper if the defendant has regular, continuous and systematic contacts with the forum state *Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984).

12.    In order for a court to assert general jurisdiction, a defendant's contacts must be sufficiently "continuous and systematic" so as to render it "essentially at home" in the forum state *See Goodyear Dunlop Tires Operations S.A. v. Brown*, ___ U.S. ___, 131 S.Ct. 2846, 2851 (2011).

13.    "The continuous and systematic" standard is rigorous because "the consequences can be severe. If a defendant is subject to general jurisdiction in the state, it may then be called in to court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d. 421, 426 (7th Cir. 2010).

14.    In the absence of general jurisdiction, the Court can acquire specific jurisdiction over a non-resident defendant when the claim arises from or is related to the

3

defendant's contacts with the forum *Walden v. Fiore*, ___ U.S. ___, 134 S.Ct. 115, 121 (2014).

15.    The defendant, rather than the plaintiff or a third-party, must create the contacts *ABN AMRO, Inc. v. Capital International Limited*, 595 F.Supp.2d. 805, 820 (N.D.Ill 2008).

16.    The unilateral acts of a plaintiff in the forum state do not establish the necessary minimum contacts required for specific jurisdiction *Son Guard Data Systems Inc. v. Central Parking Corp.*, 214 F.Supp.2d 879, 881 (N.D.Ill. 2002).

17.    Specific personal jurisdiction is appropriate where:

    (a)    The defendant has purposefully directed his activities at the forum state or purposely availed himself of the privilege of conducting business in that state; and

    (b)    The alleged injury arises out of the defendant's forum related activities *Tamburo v. Devorkin*, 601 F.3d. 693, 702 (7th Cir. 2010) citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985).

18.    A mere "but for" causal relationship is insufficient to establish the required nexus between a defendant's contacts and the underlying cause of action *See Felland v. Clifton*, 682 F.3d. 665, 676-677 (7th Cir. 2012).

19.    In either general or specific jurisdiction, Illinois' long-arm statute allows the Court to exercise jurisdiction on any basis permitted by the Constitution of the United States 735 ILCS 5/2-209(c).

20.     The key constitutional inquiry is whether the exercise of jurisdiction would "offend traditional notions of fair play and substantial justice" *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945); *Tamburo v. Devorkin*, 601 F.3d. 693, 701 (7th Cir. 2010).

21.     To determine if its exercise of jurisdiction comports with fair play and substantial justice, a court must analyze the nature and scope of the defendant's actions or contacts within or directed at the forum state *uBID, Inc,*, 623 F.3d. at 425.

22.     Moreover, under Illinois' "fiduciary shield doctrine, personal jurisdiction does not typically extend to an employee of a corporation who acts in a representative capacity unless his conduct was performed for his personal benefit *Kohler Company v. Kohler International Ltd.,* 196 F.Supp.2d. 690, 699 (N.D.Ill. 2002).

23.     The "fiduciary shield" is an equitable, discretionary doctrine which "protects a non-resident from being hauled into court in Illinois in his individual capacity when that person's only contact with Illinois is 'by virtue of his acts as a fiduciary of a corporation'" *Plastic Film Corp. of America, Inc. v. Unipack Inc.*, 128 F.Supp.2d 1143, 1147 (N.D.Ill. 2001).

24.     In a breach of contract case, it is only the dealings between the parties in regard to the disputed contract that are relevant to a minimum contacts analysis *Tiangin Universal Link Enterprises Ltd. v. Midwest Contracting Concepts Inc.*, 2017 W.L. 4157702 (16C8352) at 6 (N.D.Ill. September 19, 2017).

25.     Though a contractual relation can sometimes establish sufficient contacts within the forum state, an out of state party's contract with an in-state party is alone not

enough to establish the requisite minimum contacts *RAR Inc. v. Turner Diesel Limited*, 107 F.3d. 1272, 1276 (7th Cir, 1997).

26.     Rather, prior negotiations and contemplated future consequences, along with the terms of the contract and the party's actual course of dealing must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant *Id*.

27.     In making that determination, this Court has considered the following factors: (i) who initiated the transaction; (ii) where the contract was entered; (iii) where the performance of the contract was to take place; and (iv) where the contract was negotiated *Lakeview Technology Inc. v. Vision Solutions Inc.*, 2007 WL 79246 (05 C 7209) at 7 (N.D.Ill. January 9, 2007).

28.     Applying these controlling rules of law here, this Court does not have either general or specific jurisdiction over SNYDER.

29.     First, W. CAPRA cannot establish significant and ongoing contacts by SNYDER in Illinois so as to subject him to the general jurisdiction of this Court.

30.     As evidenced in SNYDER's attached affidavit, while employed by W. CAPRA, SNYDER was located in Tallahassee, Florida and he did not perform any work in Illinois.

31.     Rather, most of his work was in Tennessee.

32.     While W. CAPRA asserts in its complaint that (i) SNYDER received ongoing supervision and instructions from it, including telephone calls, instant messages and emails from W. CAPRA employees located in Illinois and (ii) he was provided

6

payment benefits and HR support from Illinois, it must be remembered that it is the activity of the defedant that makes him amenable to jurisdiction and not the unilateral activity of the plaintiff or some other entity that can subject a defendant to this court's jurisdiction *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d. 773, 782-783 (7th Cir. 2003).

33.     Similarly, this Court does not have specific jurisdiction over W. CAPRA's breach of contract claim against SNYDER. Contrary to the allegations in W. CAPRA's complaint (Par. 4) SNYDER did not initiate the contract at issue with W. CAPRA employees.

34.     As evidenced by SNYDER's Affidavit, W. CAPRA placed an ad on Glass Door, a job search website, in which it indicated that the job's location was Tallahassee, Florida. (SNYDER Affidavit, Pars. 5-6) Moreover, after SNYDER submitted his resume to Glass Door, Tony Thompson from W. CAPRA contacted SNYDER about the position that was to take place in Tallahassee. (SNYDER Affidavit, Par. 7)

35.     During their discussion, Mr. Thompson did not advise SNYDER that he would be having to come to Illinois in order to conduct business on behalf of W. CAPRA. (SNYDER Affidavit, Par. 9)

36.     Rather, he would be working at his own office in Tallahassee, or meeting with customers at the customer's locations, none of which was in Illinois. (SNYDER Affidavit, Par. 10)

37.     Beside W. CAPRA initiating the contact, the contract in question was entered in Florida.

38.    As evidenced by SNYDER's Affidavit, Wendy Clark, an HR employee of W. CAPRA, sent SNYDER the contract which he signed in Florida. (SNYDER Affidavit, Par. 11)

39.    On November 7 & 8, 2017, Matt Beale of W. CAPRA and SNYDER negotiated the terms of the contract by virtue of Beale contacting SNYDER in Florida in which they only negotiated the salary and the no outside employment provisions. (SNYDER Affidavit, Pars. 12-13)

40.    Further, SNYDER's performance of the contract did not take place anywhere in the Northern District of Illinois.

41.    Rather, it took place primarily in Tennessee, North Carolina, Colorado, North Dakota and Mississippi. (SNYDER Affidavit, Par. 16)

42.    Finally, SNYDER's affidavit refutes that he travelled multiple times to the Northern District of Illinois in connection with his employment with W. CAPRA.  The only times that he came to the Northern District of Illinois was to attend a Christmas party in 2017 and 2018.

43.    Thus, the factors recognized by this Court to establish specific jurisdiction in breach of contract actions clearly militate that SNYDER's motion to dismiss should be granted.

WHEREFORE, the Defendant, QUINTON SNYDER, requests that this Court grant its motion and enter an order dismissing the Plaintiff's Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  The Defendant requests that this Court award him such other relief as this Court may deem appropriate.

Respectfully submitted,


/s/ Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008
Attorney for Defendant,
QUINTON SNYDER