# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| W. CAPRA CONSULTING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-04188 |
| | ) | |
| QUINTON SNYDER, | ) | Honorable Judge Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

## MOTION FOR CLARIFICATION

The Defendant QUINTON SNYDER (hereinafter referred to as "SNYDER")

moves this Court for clarification of this Court's opinion and order entered August 20,

2019 which, among other things, granted the Plaintiff W. CAPRA CONSULTING

GROUP, INC.'s (hereinafter referred to as "W. CAPRA") motion for a temporary

restraining order and preliminary injunction. In support of this motion, SNYDER states:

1.      On August 20, 2019, this Court entered a memorandum of opinion and order

which denied SNYDER's motion to dismiss the Plaintiff's complaint pursuant to Rule

12(b)(2) of the Federal Rules of Civil Procedure and granted W. CAPRA's motion for a

temporary restraining order and preliminary injunction (Document 28).

2.      In that opinion, this Court held that despite the non-complete clause,

SNYDER was free to work for a direct competitor of W. CAPRA, for a W. CAPRA client

to whom SNYDER did not actively provide services within a year of his departure or even

for McAfee itself as long as the job itself does not entail "McAfee Corporation Product

Consulting and for vulnerability/penetration services" (Opinion, p. 20).

1

3. Since the entry of this order, SNYDER has not rendered any services for McAfee that involves McAfee Corporation Product Consulting or for vulnerability/penetration services.

4. Currently, SNYDER plans on rendering services on behalf of McAfee to the various companies identified in the attached ***Exhibit A*** whom he did not provide services while he was working for W. CAPRA.

5. Moreover, SNYDER will not render to these companies either McAfee Corporation Product Consulting or for vulnerability/penetration services.

6. Rather, SNYDER will be rendering the following services to these new companies:

    a. Own the solution sales activities within the sales process to gain the technical win and the customers' trust.

    b. Participate in solution led sales calls and prospect visits, qualifying the customer's requirements.

    c. Gather requirements, develop use cases, and fully understand the client's business needs and constraints.

    d. Be able to present the "Threat Defense Lifecycle" and how this solves the customers' needs and outcomes.

    e. Provide exemplary technical expertise on customer product and solution demonstrations.

    f. Create unsolicited solution proposals and ensure it meets or exceed the customer's requirements and is fit for the intended purpose.

    g. Ownership of the technical or solution response to RFIs/RFPs and orchestration of the virtual teams to help deliver a comprehensive consultative response.

h. Present a solution proposal to the customer, demonstrate how McAfee solves the customer's requirements and how this aligns with the customers' outcomes and differentiate from the competition.

i. When required, lead the proof of concept from engagement, ownership of all activities and orchestration, through to completion.

j. Retain a competent level of knowledge and technical hands-on experience across McAfee products, solutions and sales proposition.

k. Keep abreast of security trends and industry analysts reports and leverage this knowledge to drive technical sales wins.

l. Play a pro-active "Technical Account Management" role within target accounts including building a trusted relationship, monitoring/ managing customer issues in partnership with support, expand the existing footprint and drive competitive displacements.

m. A mentor for sales engineers and a team player, sharing best practices, providing feedback.

n. Technical account lead for Customer Executive Briefing events.

o. Update and maintain the technical sales engineer activities within Salesforce system.

p. Participate in the Global Presales Enablement program, through the delivery of formal classroom training.

q. Adhere to McAfee corporate guidelines and compliance.

SNYDER has brought to W. CAPRA's attention his intent to render such services. A true and correct copy of a letter from SNYDER's attorney to W. CAPRA's attorney regarding this subject is attached hereto as *Exhibit B*.

7. W. CAPRA's attorney subsequently responded and indicated that W. CAPRA still believed that rendering services to these companies would be in violation of this Court's preliminary injunction.

8.      Since this Court's opinion clearly allowed SNYDER to render such services, SNYDER is at a loss to understand CAPRA's response to his inquiry.

9.      Accordingly, SNYDER is requesting that this Court clarify its order so as to insure that he can render services to the companies identified in ***Exhibit A*** on behalf of McAfee.

10.     Similarly, SNYDER seeks clarification of this Court's order which, in effect, has extended the period in which SNYDER is enjoined under the restrictive covenant that he entered with W. CAPRA.

11.     The parties conceded that the restrictive covenant lasted for one year from the date that SNYDER ceased rendering services for W. CAPRA which was June 14, 2018.

12.     While the restrictive covenant, by its own terms, would expire then on June 14, 2019, paragraph 3 of this Court's conclusion in its order of August 30, 2019, indicates that the injunction imposed on SNYDER would remain in effect until a decision by this Court on the merits or one year from the date of this order which would equate to August 20, 2020.

13.     Under the terms of the restrictive covenant, the one-year period would end on June 14, 2020 and not August 20, 2020.

14.     Accordingly, SNYDER requests that this Court modify paragraph 3 of the conclusion of its order to indicate that the provisions in paragraph 1 and 2 remain in effect until the earlier of a decision on the merits or until June 14, 2020.

15.     Finally, SNYDER requests that this Court modify Exhibit A to its order since the following functions delineated in that Exhibit A were not performed by SNYDER when he worked for W. CAPRA:

a.  Own the solution sales activities within the sales process to gain the technical win and the customers' trust.

b.  Participate in solution led sales calls and prospect visits, qualifying the customer's requirements.

c.  Gather requirements, develop use cases, and fully understand the client's business needs and constraints.

d.   Be able to present the "Threat Defense Lifecycle" and how this solves the customer's needs and outcomes.

e.  Provide exemplary technical expertise on customer product and solution demonstrations.

f.  Ownership of the technical or solution response to RFIs/RFPs and orchestration of the virtual teams to help deliver a comprehensive consultative response.

g.  Present a solution proposal to the customer, demonstrate how we solve the customer's requirements and how this aligns with the customers' outcomes and differentiate from the competition.

h.  When required, lead the proof of concept from engagement, ownership of all activities and orchestration, through to completion.

i.  Play a pro-active "Technical Account Management" role within your target accounts including building a trusted relationship, monitoring/managing customer issues in partnership with support, expand the existing footprint and drive competitive displacements.

j.  Technical account lead for Customer Executive Briefing events.

WHEREFORE, the Defendant QUINTON SNYDER requests that this Court grant his motion and enter the above clarifications or modifications to its August 20, 2019 order. SNYDER requests that this Court award him such other relief as this Court may deem appropriate.

Respectfully submitted,

/s/ Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008
Attorney for Defendant,
QUINTON SNYDER